| STATE OF INDIANA | ) | | IN THE STEUBEN SUPERIOR COURT |
|---|---|---|---|
| | ) | SS: | |
| COUNTY OF STEUBEN | ) | | CAUSE NO._____ |

JAMES MCGEE,  )
  )
    Plaintiff,  )
  )
v.  )
  )
TRADITION TRANSPORTATION  )
GROUP, INC.,  )
  )
    Defendant.  )

## COMPLAINT

Plaintiff alleges against Defendant that:

1. The Plaintiff is James McGee, a qualified employee of the Defendant's at all material times to this Complaint.

2. The Defendant is Tradition Transportation Group, Inc., d/b/a Tradition Transportation, a company doing business at 300 Growth Parkway, Angola Indiana, 46703. Defendant's Registered Agent is Joseph J. Montel, 300 Growth Pkwy, Angola Indiana 46703. At all material times to this Complaint, Defendant was an "employer" for the purposes of the Americans with Disabilities Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"), the Civil Rights Act of 1964 42 U.S.C. § 2000(e) *et seq.* ("Title VII"), and the FLSA.

3. Plaintiff filed an EEOC Charge of Discrimination against Defendant, No. 470-2020-3373, a copy of which are attached hereto, made a part hereof, and incorporated herein as Exhibit "A". The EEOC issued a Notice of Right to Sue on March 3, 2021, a copy of which is attached hereto as Exhibit "B". This Complaint has been filed within ninety

(90) days after receipt of the Notice of Right to Sue. All administrative remedies have been exhausted and all jurisdictional prerequisites have been met for the filing of this lawsuit.

4. Plaintiff worked for the Defendant from March 2019 until his wrongful termination on about January 31, 2020, and held the position of Orientation Director at the time of separation from employment. He also had previously worked for the Defendant for about a year starting in November 2016. The Complaint is a Navy veteran, whom at all material times, suffered from a serious service-related health condition constituting a disability/perceived disability/record of impairment, of which the Defendant was also aware. Plaintiff performed within the reasonable expectations of the employer at all material times to this Complaint.

5. On or about January 23, 2020, Plaintiff was notified by the Veterans Administration that he had been awarded a 100% permanent total disability rating in regards to his service-related health condition. The nature of his disability caused him to periodically suffer from seizures and migraines, but did not prevent or preclude Plaintiff from performing the essential functions of his job.

6. The following day, Plaintiff notified his supervisors and the Defendant's Human Resources representative that he had received the disability rating, and that he had also received backpay that was owed him by the VA.

7. On January 31, 2020, Plaintiff took a day off of work in order to attend several doctors' appointments. His absence had been approved by Human Resources. At approximately 3:15pm, Defendant's President contacted Plaintiff and told him that his services 'were no longer needed", and gave Plaintiff the excuse that Defendant

supposedly "just needed to make some changes".

8. Prior to the termination, Defendant had incorrectly and improperly classified the Plaintiff as exempted from the FLSA's overtime pay provisions. However, Plaintiff had no discretion to hire of fire employees, and lacked sufficient discretion in his job to warrant labeling him an "exempt" employee. Because he was improperly classified, the Defendant withheld over-time pay that was earned by and owed to the Plaintiff for a number of weeks in which the Plaintiff had worked more than 45 hours in the week.

9. Following the termination, Defendant replaced Plaintiff with a less experienced and less qualified female employee, who lacked a disability/perceive disability/record of impairment, and who was substantially younger individual under the age of 40.

10. Plaintiff contends that the proffered reason for termination was false and pretextual, and that in reality, he was discriminated against, retaliated against and wrongfully terminated on the basis of his age, disability, and/or sex (male), in violation of the Plaintiff's federally protected rights under the ADEA, ADA and/or Title VII (and that his rights under the FLSA were violated).

11. Defendant's unlawful, discriminatory, and retaliatory conduct was the direct and proximate cause of the Plaintiff to suffer the loss of his job and job-related benefits including income, and also subjected him to inconvenience, mental anguish, emotional distress, and other damages and injuries.

12. The Unlawful, discriminatory and/or retaliatory conduct was intentional, knowing, willful, wanton and in reckless disregard of Plaintiff's federally protected rights under the ADEA, ADA, and Title VII (and the FLSA). Plaintiff is entitled to liquidated damages available under the ADEA (and FLSA), and punitive damages available under

the ADA and Title VII.

WHEREFORE, Plaintiff prays for judgment against the Defendant, for compensatory damages, punitive damages (where available), liquidated damages (where available), reasonable attorney's fees and costs, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

/s/Christopher C. Myers
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:   (260) 424-0600
Facsimile:   (260) 424-0712
E-mail:   cmyers@myers-law.com
Counsel for Plaintiff

4